# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SUCCAW,

        Plaintiff,

    v.

T. MARSH, et al.,

        Defendants.

_____/

CASE NO. 1:12-cv-01197-AWI-GBC (PC)

ORDER TO SHOW CAUSE AS TO WHY
THIS ACTION SHOULD NOT BE
DISMISSED, WITHOUT PREJUDICE, FOR
PLAINTIFF'S CONCESSION OF FAILURE TO
EXHAUST ADMINISTRATIVE REMEDIES

Doc. 9

TWENTY-ONE DAY DEADLINE

## I. Introduction

On July 23, 2012, Plaintiff Christopher Succaw ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 23, 2012, Plaintiff filed an amended complaint, conceding non-exhaustion, and stating that he filed his complaint prematurely because the Chief of Inmate Appeals did not respond within sixty (60) days. *See* Am. Compl. at 1, Doc. 9. Plaintiff states that subsequent to the filing of the complaint, on July 31, 2012, the Chief of Inmate Appeals issued a decision at the third level of review. *Id.* at 2, 5-6.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

//

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. As stated above, in Plaintiff's amended complaint, he concedes non-exhaustion, stating that he filed his complaint prematurely because the Chief of Inmate Appeals did not respond with sixty (60) days. *See* Am. Compl. at 1, Doc. 9. Plaintiff states that subsequent to the filing of the complaint, on July 31, 2012, the Chief of Inmate Appeals issued a decision at the third level of review. *Id.* at 2, 5-6. Thus, Plaintiff conceded non-exhaustion prior to filing this action. "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).

In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies is necessary, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

1  Plaintiff concedes that he failed to exhaust all his mandatory administrative remedies against

2  defendants prior to initiating this action, which requires mandatory dismissal, in accordance with §

3  1997e(a) and *Ngo*.

### III. Conclusion

5  Based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** of the

6  service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed,

7  without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies, pursuant

8  to 42 U.S.C. § 1997e(a).

9  IT IS SO ORDERED.

10

11  Dated:     September 18, 2012         _____

12                                                    UNITED STATES MAGISTRATE JUDGE