1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CHRISTOPHER SUCCAW,                    CASE NO. 1:12-cv-01197-AWI-GBC (PC)

10           Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING TO DISMISS ACTION,
11       v.                               WITHOUT PREJUDICE, FOR PLAINTIFF'S
                                          CONCESSION OF FAILURE TO EXHAUST
12   T. MARSH, et al.,                    ADMINISTRATIVE REMEDIES

13           Defendants.                  Docs. 9, 13

14  _____ /   OBJECTIONS DUE WITHIN 21 DAYS

15

16                                  **I. Introduction**

17           On July 23, 2012, Plaintiff Christopher Succaw ("Plaintiff"), a state prisoner proceeding pro

18  se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On

19  August 23, 2012, Plaintiff filed an amended complaint, conceding non-exhaustion, and stating that

20  he filed his complaint prematurely because the Chief of Inmate Appeals did not respond with sixty

21  (60) days. *See* Am. Compl. at 1, Doc. 9. Plaintiff states that subsequent to the filing of the complaint,

22  on July 31, 2012, the Chief of Inmate Appeals issued a decision at the third level of review. *Id.* at

23  2, 5-6.

24           On September 18, 2012, the undersigned issued an Order to Show Cause as to why this

25  action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust

26  administrative remedies. Doc. 13. Plaintiff did not submit a response to the order to show cause.

27  //

28  //

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1  the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,
2  1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v.*
3  *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed
4  more than fifteen working days after deadline).

5      A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
6  exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th
7  Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's
8  assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First*
9  *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In deciding . . . failure to exhaust administrative
10 remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315
11 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative
12 remedies, the proper remedy is dismissal without prejudice. *Id.*

13                              **B. Analysis**

14      A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
15 exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. As stated above,
16 in Plaintiff's amended complaint, he concedes non-exhaustion, stating that he filed his complaint
17 prematurely because the Chief of Inmate Appeals did not respond with sixty (60) days. *See* Am.
18 Compl. at 1, Doc. 9. Plaintiff states that subsequent to the filing of the complaint, on July 31, 2012,
19 the Chief of Inmate Appeals issued a decision at the third level of review. *Id.* at 2, 5-6. Thus,
20 Plaintiff conceded non-exhaustion prior to filing this action. "[A] district court must dismiss a case
21 without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is
22 pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007)
23 (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).

24      In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies
25 is necessary, which means using all steps that the agency holds out, and doing so properly (so that
26 the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion
27 demands compliance with an agency's deadlines and other critical procedural rules because no
28 adjudicative system can function effectively without imposing some orderly structure on the course

1  of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and

2  will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce

3  the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 &

4  103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

5  Plaintiff concedes that he failed to exhaust all his mandatory administrative remedies against

6  defendants prior to initiating this action, which requires mandatory dismissal, in accordance with §

7  1997e(a) and *Ngo*.

### III. Conclusion and Recommendation

9  Based on the foregoing, it is HEREBY RECOMMENDED that:

10  1.  This action is DISMISSED, without prejudice, for Plaintiff's concession of failure
11      to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a);

12  2.  All pending motions are MOOT for review; and

13  3.  The Clerk of the Court is directed to close the case.

14  These Findings and Recommendations will be submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21)**

16  **days** after being served with these Findings and Recommendations, Plaintiff may file written

17  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

19  specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d

20  1153, 1156-57 (9th Cir. 1991).

21  IT IS SO ORDERED.

22

Dated:    November 6, 2012

23                                          UNITED STATES MAGISTRATE JUDGE